An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| VIRGINIA ROSE AND KIRSTIN HERTZ,<br>Appellants,<br>vs.<br>PERSHING COUNTY, A MUNICIPAL CORPORATION, ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF NEVADA; ROGER MANCEBO, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE PERSHING COUNTY BOARD OF COMMISSIONERS; DAVE AYOOB, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE PERSHING COUNTY BOARD OF COMMISSIONERS; AND DARIN BLOYED, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE PERSHING COUNTY BOARD OF COMMISSIONERS,<br>Respondents. | No. 61069 |

FILED

SEP 2 9 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in a personal injury action. Sixth Judicial District Court, Pershing County; Robert E. Estes, Judge.

On July 27, 2008, while attending Pershing County's yearly Frontier Days festival, appellants Kirsten Hertz and Virginia Rose were sitting under a tree in a public park when a large limb broke off, hitting them both and causing them severe harm.

This was not the first limb to fall from a tree in the park. About a month prior to the accident, a limb fell from a different park tree.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-32219

One of the respondents, a county commissioner, was present at the time and informed Donald Bordenkircher, the head of the buildings and grounds department.

Eighteen days before the accident, a park patron reported to Bordenkircher that another limb had broken off. It was caught in the still-attached tree branches, so Bordenkircher cordoned off an area with construction fence under the five surrounding trees to prevent anyone from going under the hanging limb. The limb eventually fell to the ground. Bordenkircher informed the county commissioners of the incident, that he was searching for an arborist to inspect the trees, and that he had obtained a quote that it would cost between $40,000 and $60,000 to trim the park trees. The commissioners suggested that he contact a company the county had previously used, and "agreed that for safety purposes, the trees need[ed] to be taken care of."

Two days before the incident in this case, Bordenkircher discovered that a yet another limb had fallen. And the night before the Frontier Days event another limb from the same tree fell. In total, four limbs, ranging from five to ten inches in diameter and fifteen to twenty-five feet long, fell within the month preceding the Frontier Days accident. But no precautions were taken to secure the area under the trees in the event another branch fell during the festival.

Hertz and Rose sued the County, the commissioners in their official capacities, and Greater Pershing Partnership, which sponsored Frontier Days, alleging a negligent failure to maintain the public park trees in a reasonably safe condition. The district court granted summary judgment in the County's, the commissioners', and Greater Pershing Partnership's favor. Hertz and Rose now appeal the grant of summary

judgment on their negligence claims against the County and commissioners only (collectively referred to as the County).[1]

At issue is whether the County is entitled to discretionary-function immunity under NRS 41.032(2), a mixed question of law and fact. *Ransdell v. Clark Cnty.*, 124 Nev. 847, 854, 192 P.3d 756, 761 (2008). This court strictly construes such limitations on the general waiver of sovereign immunity, and to qualify "a decision must (1) involve an element of individual judgment or choice and (2) be based on considerations of social, economic, or political policy." *Martinez v. Maruszczak,* 123 Nev. 433, 439, 446-47, 168 P.3d 720, 724, 729 (2007).

The decisions by the County regarding the park involved an element of judgment and choice; there were no statutory or regulatory guidelines governing park maintenance. *See Berkovitz v. United States*, 486 U.S. 531, 536 (1988) (an action does not involve an element of judgment when a "statute, regulation, or policy specifically prescribes a course of action for an employee to follow"). But, given the serious safety issues at play, the County's alleged actions—keeping the park open without trimming the trees, putting construction fence around them, or at the least warning attendees about the potential for falling limbs—were too far removed from a policy consideration to warrant immunity. *Martinez,* 123 Nev. at 446, 168 P.3d at 728 (discretionary acts do not fall within the exception if they i nvolve "negligence unrelated to any plausible policy objectives."); *Whisnant v. United States,* 400 F.3d 1177, 1179, 1183 (9th Cir. 2005) ("[R]emoving an obvious health hazard is a matter of safety and

---

[1]Greater Pershing Partnership was dismissed from this appeal by stipulation and order of this court on December 6, 2012.

not policy."); *Sutton v. Earles*, 26 F.3d 903, 910 (9th Cir. 1994) ("A decision not to warn of a specific, known hazard for which the acting agency is responsible is not the kind of broader social, economic or political policy decision that the discretionary function exception is intended to protect); *Boyd v. United States ex rel. U.S. Army, Corps of Eng'rs*, 881 F.2d 895, 898 (10th Cir. 1989) (same).

Because the policy-judgment facet is missing, these decisions are not the kind of "'political, social, and economic judgments' that are the unique province of the Government," and thus are not those that the discretionary-function exception was designed to shield.[2] *Marlys Bear Medicine v. U.S. ex rel. Sec'y of Dep't of Interior*, 241 F.3d 1208, 1214 (9th Cir. 2001); *Martinez*, 123 Nev. at 445, 168 P.3d at 727-28. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

---

[2]The County summarily notes the "public duty" doctrine and immunity under NRS 41.033 as alternative grounds to support the district court's entry of summary judgment, but fails to provide any support as to why they would apply here, so we do not consider them. *Evans v. State*, 117 Nev. 609, 644 n.85, 28 P.3d 498, 522 n.85 (2001) ("[T]his court need not address issues unsupported by cogent argument.").

 

cc: Chief Judge, The Sixth Judicial District Court
Hon. Robert E. Estes, Senior Judge
David Wasick, Settlement Judge
Bradley Drendel & Jeanney
Thorndal Armstrong Delk Balkenbush & Eisinger/Reno
Piscevich & Fenner
Pershing County Clerk